23708. HILLIS, Guardian v. CLARK et al.

ARGUED SEPTEMBER 14, 1966—DECIDED OCTOBER 10, 1966.

*W. C. Hawkins, J. Henry Howard,* for appellant.

*Allen & Edenfield, B. Avant Edenfield,* for appellees.

ALMAND, Justice. Mrs. Wilma H. Clark and two others, alleging themselves to be the surviving children and heirs of J. D. Hillis, brought their equitable petition against T. Q. Hillis, an incompetent, and his guardian, M. R. Hillis. It was alleged that their father was one of the heirs of Mrs. Eunice Hillis, and that after her death her heirs conveyed by warranty deed 293 acres of land on October 14, 1944, to T. Q. Hillis. A copy of the deed was attached to the petition, and it recited that the consideration was the receipt of $6,500. It was recorded on December 11, 1956. Plaintiffs alleged that though the deed contains the signature of their father, J. D. Hillis, the purported signature is a forgery and that the defendant guardian advertised the property for sale at public outcry on April 15, 1966. The prayers were (1) that their father's interest in the property be decreed in them; (2) that an injunction issue against the public sale; and (3) that the pro rata benefits derived by T. Q. Hillis since 1944 be decreed in them.

The defendants filed a general demurrer, one ground being that the petition shows that the plaintiffs were guilty of gross laches. The demurrers were overruled, and this appeal assigns error on this order.

"Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." *Code* § 37-119. "The limitations herein provided shall apply equally to all courts; and in addition to the above, courts of equity may interpose an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights."

*Code* § 3-712. Under the allegations in the petition, the purported deed was executed on October 14, 1944, and recorded on December 11, 1956, and J. D. Hillis, whose signature is attacked as being a forgery, is dead. The grantee, T. Q. Hillis, is now incompetent. The petition discloses that the grantee was in possession of the property. The deed recites a valuable consideration, and the plaintiffs have had constructive notice of said deed since December 11, 1956, the date it was recorded in the office of the Clerk of Screven Superior Court. The petition contains no allegations why the plaintiffs delayed bringing any action during the period of more than 21 years between the date of the deed and the institution of this action.

In *Whitfield v. Whitfield*, 204 Ga. 64 (48 SE2d 852), the plaintiff sought to cancel a deed on the ground of fraud. The petition disclosed that the deed was executed on August 18, 1942, and recorded on September 11, 1942. The grantee died in 1946, and the plaintiff discovered that the deed had been made conveying his interest in the property. This court, in holding the petition subject to general demurrer, said: "An equitable action to cancel a deed on the ground of fraud, which clearly shows that the complainant failed to use even slight diligence to discover the fraud, fails to allege a cause of action." In *Bryan v. Tate*, 138 Ga. 321 (75 SE 205), in a suit to rescind the sale of land, this court held that the plaintiff's voluntary failure to bring suit for three years after being fully cognizant of the fraud committed seven years prior thereto is such laches as will bar his action. In *James v. Hill*, 140 Ga. 739 (79 SE 782), the plaintiffs, heirs of the grantor, sought in their petition against the grantee to cancel the grantor's deed on the grounds that the grantor was insane at the time the deed was executed, and the defendants knew of his mental condition. The deed was executed in January, 1896; the grantor died in April, 1897, and the defendants had been in possession of the land since 1896. The suit was brought in 1910. It was there held that "where . . . no reason appeared why the plaintiffs did not know, or by the slightest diligence could not have known, of the substantial facts, so as to bring the suit within a reasonable time after the deed was executed and after the grantor's

death, the action was properly dismissed on demurrer on the ground that it was stale and that the plaintiffs were in laches. *Bennett v. Bird,* 139 Ga. 25 (76 SE 568); *Spence v. Queen,* 139 Ga. 587 (77 SE 820); *Bailey v. Freeman,* 140 Ga. 71 (78 SE 423)."

In holding that a general demurrer to a petition seeking the cancellation of a deed was properly sustained, this court in *Johnson v. Sears,* 199 Ga. 432, 436 (34 SE2d 541), said, "assuming that the allegations of the petition make a case of fraud, the petitioners waited over eighteen years after the perpetration of the fraud before making an appeal to a court of equity for relief. During the whole of this period, one of the petitioners was fully aware of the circumstances surrounding the transaction. By the exercise of ordinary diligence, could not the others have apprised themselves of the fraud, if it had been committed? So far as the petition shows, they did soon afterward ascertain the nature of the transaction. Yet they unconscionably delayed action until after the death of their father, one of the alleged principal conspirators, thus probably causing an obscuration of evidence. Certainly the ascertainment of the truth is made more difficult. . . The petition in the instant case affirmatively showing that there has been unusual and unreasonable delay in bringing the action, it was incumbent upon the plaintiffs to show that they were not guilty of laches." See also *Flemister v. Billups,* 202 Ga. 132 (42 SE2d 376).

The petition here affirmatively showing that the plaintiffs were guilty of laches in instituting their action, the court erred in not sustaining the general demurrer.

*Judgment reversed. All the Justices concur.*