## 32942. GRIFFIN-SPALDING COUNTY HOSPITAL AUTHORITY v. RADIO STATION WKEU.

NICHOLS, Chief Justice.

The appellee, Radio Station WKEU, filed a petition for mandamus in the Superior Court of Spalding County on May 25, 1977, against the appellant, Griffin-Spalding County Hospital Authority, alleging that the hospital authority had denied the radio station's employees and agents access to records relating to the ambulance service operated by the hospital authority and that this denial constituted a violation of Georgia's "open records" law.

Code Ann. § 40-2701 et seq. The petition sought a court order to compel the hospital authority to produce the records.

The hospital authority's answer alleged, inter alia, that the records which the radio station sought to inspect were medical records and similar files, the disclosure of which would be an invasion of the personal privacy of the person or persons using the ambulance service and that Georgia's "open records" law specifically excludes these materials from inspection by the public.

The trial court found that although the specific information sought by the appellee was not barred from public inspection by any exception in the "open records" law, the information that the appellee wanted had been recorded on the same form with information that could not be disclosed to the appellee. The court further found that the intent of the open records Act would be circumvented if nonprivileged information which the public had a right to see could be barred from public review by mixing the information with information that the public did not have a right to see. It, therefore, ordered the appellant to maintain two forms in order that the disclosable information might be separated from the nondisclosable information.

1. The appellant first enumerates as error the failure of the trial court to dismiss the appellee's petition for mandamus because it was filed against the hospital authority, as an entity, and not against the individual members of the authority. The appellant argues that the hospital authority is analogous to a political office and that a writ of mandamus cannot be directed against an office, but must be directed against the person or persons who hold the office.

The appellant overlooks that the "hospital authority's law" describes the authority as a public corporation. See Code Ann. § 88-1802. Public corporations generally have the authority to sue and be sued. Just such power to sue and be sued was specifically granted the hospital authority in Code Ann. § 88-1805 (a). It was not error for the trial court to refuse to dismiss the petition for writ of mandamus.

2. The appellant urges that the trial court erred

when it granted the appellee relief for which it had not prayed in its petition. Specifically, the appellant argues that the trial court could not order it to release only nonmedical information when the appellee had prayed for the release of all information relevant to ambulance service maintained by the appellant.

Appellee correctly contends that Code Ann. § 81A-115 (b) disposes of appellant's argument. That Code section provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . ." The parties expressly litigated this issue in the trial court. We find no error.

3. Finally, the appellant argues that the trial court erred in ordering it to prepare and maintain special records for the benefit of appellee and in ordering it to keep records of its ambulance service which it is not required by law to maintain.

Code Ann. § 40-2702 provides: "In all cases where a member of the public interested has a right to inspect or take extracts or make copies from any public records, instruments or documents, any such person shall hereafter have the right to access to said records, documents, or instruments for the purpose of making photographs of the same while in the possession, custody and control of the lawful custodian thereof, or his authorized deputy. Such work shall be done under the supervision of the lawful custodian of said records, who shall have the right to adopt and enforce reasonable rules governing the said work. Said work shall be done in the room where the said records, documents or instruments are by law kept. While the said work hereinbefore mentioned is in progress, the lawful custodian of said records may charge the person desiring to make the said photographs for the services of a deputy of the lawful custodian of said records, documents or instruments to supervise the same, or for the services of said lawful custodian of the same in so doing at a rate of compensation to be agreed upon by the person desiring to make the said photographs and the custodian of the said records, documents or instruments."

We must reverse that part of the trial court's order

which requires the appellant to maintain two separate forms which separate information that the public may see from information that the public may not see. Nowhere in Code Ann. § 40-2702 is there authority for the trial court's actions. However, we do agree with the trial court that the intent of the General Assembly was to afford to the public at large access to public records with the exceptions of certain information which the Act exempts from disclosure. We think Code Ann. § 40-2702 can be read in a way to comport with this intent.

We think Code Ann. § 40-2702 requires a custodian of public records to preserve the confidentiality of information that the public does not have a right to see. The manner of separating this information is left to the discretion of the public agency.

We recognize that this duty places an additional financial burden upon the hospital authority beyond the mere cost of the administrative task itself. Personnel used to separate the information on the forms will be lost from their normal work duties. Additionally, the hospital may be open to added liability from lawsuits by patients for invasion of privacy if a mistake is made in separating the information. However, we think that Code Ann. § 40-2702 provides for this situation. It specifically allows the custodian of the records to charge the individual requesting the information with the cost of providing it. The hospital authority in this case has a right to exact payment for these additional duties and liabilities from the radio station before it releases the information. We do note, however, that this charge must be reasonable. It can only be a reimbursement for costs incurred by the hospital. It may not contain a charge for the hospital services.

*Judgment affirmed in part and reversed in part and modified in part. All the Justices concur.*

ARGUED NOVEMBER 17, 1977 — DECIDED JANUARY 3, 1978.

*Seay & Sims, Clifford Seay,* for appellant.
*Christopher & Mullins, Richard L. Mullins,* for appellee.

*Arthur K. Bolton, Attorney General, George P. Shingler, Staff Assistant Attorney General,* amicus curiae.