REQUESTED BY: Michael J. Owens Hamilton County Attorney
Are records (including names of patients) kept by a county ambulance service, regarding the transportation of patients, public records as defined by Neb.Rev.Stat. § 84-712
(Reissue 1981), and thus subject to examination by the public?
The fiscal records of the county supported ambulance service are public records, and are subject to examination. However, the names of patients and types of services rendered to those patients are medical records within the definition of Neb.Rev.Stat. § 84-712.05(2) (Supp. 1984) and may be withheld from the public by the lawful custodian of the records.
An examination of several statutes is necessary in order to resolve this question. Initially, Neb.Rev.Stat. § 84-712 (Reissue 1981) provides:
Except as otherwise expressly provided by statute, all citizens of this state, and all other persons interested in the examination of the public records, as defined in section84-712.01, are hereby fully empowered and authorized to examine the same, and to make memoranda and abstracts therefrom, all free of charge, during the hours the respective offices may be kept open for the ordinary transaction of business.
Neb.Rev.Stat. § 84-712.01(1) provides:
Except where any other statute expressly provides that particular information or records shall not be made public, public records shall include all records and documents, regardless of physical form, of or belonging to this state, any county, city, village, political subdivision, or tax-supported district in this state, or any agency, branch, department, board, bureau, commission, council, subunit, or committee of any of the foregoing. Data which is public record in its original form shall remain a public record when maintained in computer files.
You state that Hamilton County has a county supported ambulance service, although patients pay a fee for receiving ambulance services. The authority for a county to provide ambulance service as a governmental service is found in Neb.Rev.Stat. § 23-378 (Reissue 1983). That section provides in part that:
The county boards of counties, and the governing bodies of cities and villages, may provide ambulance service as a governmental service either within or without the county or municipality, as the case may be. The county board or governing body may contract with any city, person, firm, or corporation to provide such service. Each may enter into an agreement with the other under the Interlocal Cooperation Act for the purpose of providing necessary ambulance service, or may provide separate service for itself. Public funds may be expended therefor, and a reasonable service fee may be charged to the user. Before any such ambulance service is established under the authority of this section, the county board or the governing bodies of cities and villages shall hold a public hearing after giving at least ten days' notice thereof, which notice shall include a brief summary of the general plan for providing such ambulance service, including an estimate of the initial cost and the possible continuing cost of operating such service. . . . Any county board of counties and the governing bodies of cities and villages may pay their cost for such service out of available general funds, or may levy a tax for the purpose of providing necessary ambulance service, which levy shall be in addition to all other taxes and shall be in addition to restrictions on the levy of taxes provided by statute.
The Legislature has indicated that access to public records shall be liberally construed whenever public funds are involved "in order that the citizens of this state shall have full rights to know of, and have full access to information on the public finances of the government and the public bodies and entities created to serve them." Neb.Rev.Stat. § 84-712.01(2) (Reissue 1981). Therefore, we conclude that since the county partially supports the ambulance service, the general public has a right of access to the fiscal records of the service. This right of access may also be of a contractual nature depending upon the agreement between the county board and the particular ambulance service. Certainly, the service would be required to account for the expenditure of public funds.
We would also point out that the Legislature has required that all ambulances be licensed by the Department of Health of the State of Nebraska. Neb.Rev.Stat. §71-5103 (Reissue 1981). Further, Neb.Rev.Stat. §71-5107 (Reissue 1981) requires that:
Each licensed ambulance, its equipment, and its record relating to personnel and operation shall be inspected at least once annually by the department or its authorized representative. Each licensee of an ambulance shall maintain accurate records. Copies of such records shall be made available to the department upon request. It would appear that the Department of Health is responsible for the enforcement of minimum basic standards governing the design, construction, and operation of ambulances, together with the licensing of trained ambulance attendants. Further, the records of licensed ambulances and their personnel are available to the department upon request. Neb.Rev.Stat. § 71-5106 and 71-5110 (Reissue 1981). Whether or not the records in the custody of the Department of Health are public records is a question not addressed by this opinion.
The specific question posed is whether or not the names of patients utilizing the ambulance service fall within the definition of medical records which are exempted from public disclosure. Neb.Rev.Stat. § 84-712.05 (Supp. 1984) provides:
The following records, unless publicly disclosed in an open court, open administrative proceeding, or open meeting or disclosed by a public entity pursuant to its duties, may be withheld from the public by the lawful custodian of the records:
(2) Medical records, other than records of births and deaths, in any form concerning any person. It is our opinion that the names of patients, and any treatment provided to them by the ambulance service, fall within the definition of medical records "in any form concerning any person." Accordingly, that information may be withheld from the general public. We would point out, however, that Neb.Rev.Stat. § 84-712.06 (Reissue 1981) provides that: "Any reasonably segregable public portion of a record shall be provided to the public as a public record upon request after deletion of the portions which may be withheld." It may very well be possible to provide certain information concerning the use of the county ambulance service. However, the names of patients availing themselves of that service should be deleted prior to the information being disclosed.
A similar situation was presented in State of Kansas ex rel. Robert T. Stephan v. Robert C. Harder, 641 P.2d 36
(Kan. 1982). There, the court, citing Griffin-Spalding, etc. Auth. v. W.K.E.U., 241 S.E.2d 196 (Ga. 1978), stated that: [W]e do agree with the trial court that the intent of the General Assembly was to afford to the public at large access to public records with the exceptions of certain information which the Act exempts from disclosure. We think Code Ann. § 40-2702 can be read in a way to comport with this intent.
We think Code Ann. § 40-2702 requires a custodian of public records to preserve the confidentiality of information that the public does not have a right to see. The manner of separating this information is left to the discretion of the public agency.
We recognize that this duty places an additional financial burden upon the hospital authority beyond the mere cost of the administrative task itself. Personnel used to separate the information on the forms will be lost from their normal work duties. Additionally, the hospital may be open to added liability from lawsuits by patients for invasion of privacy if a mistake is made in separating the information.240 Ga. at 447, 241 S.E.2d 196.
Section 84-712 requires only that all persons are authorized to examine records and to make memoranda and abstracts therefrom free of charge. However, Neb.Rev.Stat. § 25-1280 (Reissue 1979) provides as follows:
Every state, county, or political subdivision officer having the custody of a public record or writing is bound to give any person on demand a certified copy thereof on payment of the legal fees therefor. Where fees are not otherwise expressly provided by statute, the fee shall be thirty cents per hundred words if the copy is a typewritten copy, and the cost of the mechanically reproduced copy when the copy is made by photographic or offset process. In addition thereto a fee of one dollar shall be charged for the certificate of the officer. Therefore, in the event that requests are made for copies of records, a fee may be charged for providing the same.
Sincerely,
ROBERT M. SPIRE