A90A0970. HOGAN v. DeKALB COUNTY.
(397 SE2d 16)

SOGNIER, Judge.

Jack H. Hogan brought suit against DeKalb County seeking a declaration of his rights under a county sanitation ordinance. The trial court ruled in favor of the County, and Hogan appeals.

The record reveals that in 1973, after appellant became dissatisfied with the county garbage pickup at an apartment complex he owned, he sought and received permission to collect the garbage from the complex himself and haul it to the county dump. Appellant purchased the equipment to do so, and his employees served the complex satisfactorily for three years. In 1976, appellee notified him that it would no longer permit him to collect the garbage himself. After appellant appealed to his county commissioner for help, the Board of Commissioners passed a resolution granting appellant a reprieve until December 1978, to allow him to recover the cost of the equipment purchased. Appellant received no notice of this resolution, but he was

not billed by appellee for sanitary fees and continued to collect the garbage even after 1978, without protest from appellee.

In 1984, appellant developed a second apartment complex and a commercial building, and county garbage pickup was begun at those locations. After failing to resolve a dispute with appellee concerning damage to the driveways and curbing which appellant alleged was caused by the heavy garbage trucks, appellant ceased paying the sanitary fees for these two properties, and when appellee consequently stopped collecting the garbage, appellant began to service them in the same manner he was servicing the first apartment complex. Appellee then notified appellant by letter that he was in violation of a county ordinance and must cease collecting garbage at all three locations, and this action ensued.

Appellant contends the trial court erroneously ruled in favor of appellee because the sanitation ordinance does not prohibit him from collecting garbage from property he owns. We do not agree. Section 6-3009 (b) of the DeKalb County Code of Ordinances provides that "[i]t shall be a violation of this chapter for any person, not licensed by the county, to collect and haul any refuse other than that arising from his own accumulation within any areas of the county in which refuse collection service is maintained by the county." Section 6-3003 defines *"[c]ollector"* as "[a] person or persons . . . who, under agreements, verbal or written, with or without compensation does the work of collecting and/or transporting solid waste, from industries, offices, retail outlets, businesses, institutions and/or similar locations or from residential dwellings, provided however, that this definition shall not include an individual collecting and/or transporting waste from *his own single family dwelling unit*." (Emphasis supplied in part.)

" 'It is an elementary rule of statutory construction that a statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes "in pari materia," are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto. . . . (Cit.)' [Cits.]" *Fayette County &c. v. Ga. Utilities Co.,* 186 Ga. App. 723, 726 (2) (368 SE2d 326) (1988). Although not stated specifically in Section 6-3009 (b), we agree with the trial court that, construing the sanitation ordinance as a whole, it is obviously the intendment of the ordinance that only the county itself or a licensed collector may collect and haul refuse within the county, with the exception of an individual who hauls his own garbage from a single-family dwelling unit. Since appellant's activities did not fall within that exception, the trial court correctly ruled in favor of appellee.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

730

*King, Taylor & Stovall, James F. Stovall III*, for appellant.
*Michael K. Dennard, Albert S. Johnson*, for appellee.