### S95A0235. STONE v. WILLIAMS.
(458 SE2d 343)

THOMPSON, Justice.

In 1958, Harlan Williams bought lots 17, 18, 19, and 20 of Westboundary Subdivision in Dalton, Georgia, and, one year later, he purchased adjoining lot 16. At all times between 1958 and his death in 1993, Mr. Williams's name appeared as the sole owner on the deeds to all five lots (referred to collectively as 813 and 815 Vernon Avenue). Flora Stone, Mr. Williams's sister, lived in one of the two houses on the property; but Mr. Williams paid all taxes and insurance, and collected all rents, on the properties.

Williams died intestate in 1993. Thereafter, his widow, Jane Williams brought an ejectment action against Stone and Stone counterclaimed, seeking a resulting trust on the ground that she gave Mr. Williams $500 toward the $2,000 purchase price of the property. The superior court granted partial summary judgment to Mrs. Williams, resolving the resulting trust issue in her favor. We affirm because an equitable action is barred when the truth cannot be established fairly due to a long delay and the death of essential witnesses. *Slade v. Barber*, 200 Ga. 405, 410 (37 SE2d 143) (1946).

Courts of equity may "interpose an equitable bar whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." OCGA § 9-3-3. It would be inequitable to allow Stone to prevail in this case because she waited 35 years to claim a resulting trust even though Mr. Williams's legal ownership of the property was easily discoverable by the slightest diligence. See *Hillis v. Clark*, 222 Ga. 604 (150 SE2d 922) (1966). Of course, laches does not arise from delay alone. To prevail on a plea of laches, prejudice, too, must be shown. *Clover Realty Co. v. J. L.*

*Todd Auction Co.*, 240 Ga. 124, 126 (4) (239 SE2d 682) (1977). Mrs. Williams demonstrated that she is prejudiced by Stone's delay because Mr. Williams's death rendered ascertainment of the truth difficult, if not impossible. OCGA § 23-1-25.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 26, 1995.

*William W. Keith III,* for appellant.

*Kinney, Kemp, Pickell, Sponcler & Joiner, Robert A. Cowan,* for appellee.

*Judgment affirmed. All the Justices concur.*