S96A0475. TROUP et al. v. LODEN.
(469 SE2d 664)

FLETCHER, Presiding Justice.

In 1974 Ida Maxwell Loden executed a warranty deed transferring land to her son, Thomas Edison Loden. Two other sons signed the deed as witnesses. In 1994 Betty Troup and other heirs of the witnessing sons sued Thomas to void the deed or establish a constructive trust based on a promise he allegedly made when the deed was executed to divide the property with his brothers after their mother's death. Ida Loden died in 1983, but Thomas Loden did not give his brothers any property before their deaths in 1985 and 1988. The trial court concluded that laches barred the plaintiffs' claims and granted summary judgment to Thomas. Because the claimants' inexcusable delay in seeking to enforce the agreement has rendered the ascertainment of the truth difficult, we affirm.

1. Courts of equity may impose an equitable bar to a complaint when the lapse of time and a claimant's neglect in asserting rights causes prejudice to the adverse party.[1] In determining whether laches should apply, courts consider the length of the delay, the sufficiency of the excuse, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner, and whether the plaintiff or defendant possessed the property during the delay.[2] The defendant must show prejudice from the delay.[3]

The record shows that neither the brothers nor their heirs filed their claim until 20 years after the conveyance and 11 years after Ida Loden's death. During these years, Thomas Loden's legal ownership is undisputed: his name appeared as sole owner on the deed and he paid all of the property taxes and insurance. The claimants' fathers, the primary beneficiaries of the alleged agreement to divide the land, chose not to enforce that agreement during their life, although they survived Ida Loden by two years in one instance and five years in the other. In addition, the claimants declined to challenge Thomas' ownership during the proceedings connected with their grandmother's and fathers' estates or to assert any interest when he sold timber on the property. These delays have prejudiced Thomas Loden by forcing him to dispute claims based on conversations with persons who are now dead.

2. A trial court may grant summary judgment if the record shows that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Because laches is a factual defense, the better practice is for "the trial judge, sitting as a chancellor in equity, and without the intervention of a jury" to hold an evidentiary hearing and issue findings of fact rather than act on motions for summary judgment as a matter of law.[4] Although there was no evidentiary hearing in this case, the record was developed through depositions of all the parties and other relevant witnesses and shows that the claimants' long delay in seeking a property division is inexcusable and has rendered the ascertainment of the truth difficult. Accordingly, the trial court properly ruled that the affirmative defense of laches bars this action.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 6, 1996.

*McClure, Ramsay & Dickerson, John A. Dickerson, Elizabeth F.*

---

[1] See OCGA §§ 9-3-3; 23-1-25.

[2] *Johnson v. Sears*, 199 Ga. 432, 435 (34 SE2d 541) (1945).

[3] *Stone v. Williams*, 265 Ga. 480 (458 SE2d 343) (1995).

[4] *Beaulieu of America v. L. T. Dennard & Co.*, 253 Ga. 21, 22 (315 SE2d 889) (1984).

*Moore,* for appellants.

*Vandiver & Vandiver, S. Ernest Vandiver III, J. Barclay Black,* for appellee.