S97A1455. CONNER et al. v. CONNER.
(499 SE2d 54)

BENHAM, Chief Justice.

This appeal is from a judgment awarding money damages and injunctive relief in a suit between family members. Hugh Conner died testate in 1983, leaving his widow, appellant Effie Conner, a life estate in all his property. The will also provided for one named tract of real estate to be deeded, when he reached age 25, to appellee Tracy Conner, the elder Conners' son, and another to be deeded to Sonja Conner Bryant, the elder Conners' daughter. The remainder was to be put in trust and divided upon the life tenant's death between the children, if the son had then reached age 25. In 1985, the children entered into an agreement with their mother, who was named executrix under the will, pursuant to which the children conveyed to their mother by quit claim deeds all of their interests in their father's property, in consideration for which the appellee-son received $25,000 and a warranty deed to the tract left to him in the will, and the appellant-daughter received a deed to the tract she was to receive under the will. A provision in the agreement providing for the trust mandated by the will was struck from the agreement before it was executed. In 1994, appellee brought suit against appellants seeking cancellation of the quit claim deeds; cancellation of deeds subsequently made by his mother to his sister; appointment of a new executor; appointment of a guardian ad litem for his mother on the ground she was mentally incompetent; an accounting; injunctive relief prohibiting further conveyances; and punitive damages for fraud. At trial, appellee withdrew the claims for appointment of a new executor, appointment of a guardian for his mother, and an accounting. The trial court directed a verdict for appellants on the

claims for cancellation of the deeds, but granted the injunctive relief and submitted claims for actual and punitive damages to a jury. The jury awarded appellee $1 in actual damages against his mother, and $131,200 in actual damages and $50,000 in punitive damages against his sister.

1. In several enumerations of error, appellants complain of the submission to the jury of the issues of actual damages and punitive damages. The bases for appellants' contention that the jury should not have been permitted to consider an award of actual damages are that the complaint did not seek such damages and did not allege fraud, that there was no evidence of fraud or damages upon which the jury could base a monetary award, and that appellee could not claim money damages without offering to restore what he had received.

Although the complaint did not contain an express claim for actual damages, it did contain allegations of fraud in the conduct of appellants. In the course of the trial, evidence of fraud on the part of appellants, especially with regard to the execution of the settlement agreement pursuant to which appellee gave up all claims to his father's estate in exchange for $25,000 and a deed to a tract of land, was admitted without objection, as was evidence of the value of the estate. It is plain from the transcript that the parties litigated the issue of fraud and of damage to appellee in the form of his loss of a share of his father's estate. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." OCGA § 9-11-15 (b). Thus, the issue of actual damages, having been litigated by the implied consent of the parties, was not foreclosed because of its absence from the complaint. *Griffin-Spalding County Hosp. Auth. v. Radio Station WKEU*, 240 Ga. 444 (2) (241 SE2d 196) (1978).

As to evidence of actual damages, we note first that Hugh Conner's will was in evidence, a will under which appellee contended he would have been entitled, had he not been defrauded, to share in the proceeds of a trust the corpus of which was the remainder of the estate upon the conclusion of his mother's life estate. Also in evidence was the value of the property which would have been in that trust. From that evidence, the jury could have calculated the cost to appellee of the fraud he contended was practiced upon him. Evidence of that fraud was presented in the form of proof of appellee's confidential relationship with his mother as executrix of the estate (see *Ringer v. Lockhart*, 240 Ga. 82, 84 (239 SE2d 349) (1977)), and evidence that his sister manipulated her aging mother to take advantage of her confidential relationship with appellee by falsely telling him that signing the agreement would give him all he had coming

from his father's estate when, in fact, the agreement constituted a waiver by him of his rights in the estate.

Contrary to appellants' argument, appellee's failure to offer to restore what he received under the agreement which he contends he was induced by fraud to enter does not bar his recovery of damages. "A defrauded plaintiff may elect whether to rescind [the] contract or affirm it and sue for damages. [Cit.]" *Crown Ford, Inc. v. Crawford*, 221 Ga. App. 881 (3) (473 SE2d 554) (1996). That election need not be made before submission of the case to the jury (*Miles Rich Chrysler-Plymouth v. Mass*, 201 Ga. App. 693 (3) (411 SE2d 901) (1991)), though the election was, in fact, made prior to that time in this case. Submission to the jury of the issue of actual damages was not error for any reason asserted by appellants.

Appellants' contention that the trial court erred in submitting the issue of punitive damages is based entirely on their contention that submission of the issue of actual damages, without which punitive damages could not be awarded, was error. Since we have ruled in the preceding paragraphs that submission of the issue of actual damages was not error, the argument regarding punitive damages fails as well.

2. Finally, appellants assert that the trial court erred in continuing in effect after the entry of judgment an injunction against their disposition of real property or cutting of timber. The continuing of injunctions rests in the sound discretion of the judge, but is a power to be prudently and cautiously exercised and not to be resorted to except in clear and urgent cases. There must be some vital necessity for the injunction so that one of the parties will not be damaged and left without adequate remedy. *Kennedy v. W. M. Sheppard Lumber Co.*, 261 Ga. 145 (1) (401 SE2d 515) (1991). Our review of the record of this case reveals no such necessity. All of appellee's claims on the real estate were lost at trial, and the only substantive relief he obtained was a money judgment. Appellee points to the fact that his sister lives in Oregon, and asserts that there is a need to protect against the real property being disposed of and the funds moved to Oregon before the judgment is satisfied. There is, however, nothing in the record to suggest the likelihood of such an eventuality, and no showing that such a movement of assets would prevent appellee from seeking satisfaction of the judgment by legal as opposed to equitable means. The standard of review of the trial court's exercise of injunctive powers is the "manifest abuse of discretion" standard, id., and given the lack of evidence to support appellee's claim that his judgment is in danger, we are constrained to find such an abuse of discretion in this case. Consequently, although we affirm the trial court's judgment in all other respects, the trial court's order continuing the injunction must be reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED FEBRUARY 23, 1998.

*Jones, Hilburn, Claxton & Sanders, Eric L. Jones, W. Washington Larsen, Jr.,* for appellants.
*W. McMillan Walker, Ronda H. Walker,* for appellee.