A99A0744. TRUBEY v. HALL.
(515 SE2d 639)

BARNES, Judge.
Anne Hall sued Tanya Trubey, an adjacent landowner, alleging that Trubey violated Putnam County land use regulations and subdivision covenants by placing two manufactured houses on her 1.19-acre lot, which already had one house on it. Both Hall's and Trubey's lots were in a commercial development zone known as C-1. Hall

sought an injunction against any further property development, an order requiring Trubey to remove the two houses, and compensatory damages. After a hearing, the trial court denied Trubey's motion to dismiss for failure to join Putnam County as an indispensable party, and further determined that Hall was not entitled to relief based on the doctrine of laches. Both parties appealed to the Supreme Court.

The Supreme Court agreed that Putnam County was not indispensable because its participation was not required to grant the relief Hall sought. *Hall v. Trubey*, 269 Ga. 197, 200 (2) (498 SE2d 258) (1998). But the Court reversed the trial court's ruling that Hall was barred by laches. Id. at 199. The Court held that, while Hall had not initiated suit immediately after she first learned of Trubey's plans, she had promptly asserted her objections and sought an out-of-court resolution before resorting to litigation. Id. The Supreme Court's opinion sets forth the facts in some detail, which we will not reiterate here.

After remand and another hearing, the trial court held that Trubey had subdivided her property without following proper procedures and that under the zoning law in effect at that time,[1] each manufactured home had to be sited on at least one acre of land. The court further ordered Trubey to remove the two houses and enjoined her from "further acts in contravention of said Land Use Regulations of Putnam County on such property." Trubey appeals this ruling, enumerating as error the trial court's holdings that she created a subdivision and can place only one dwelling per lot, that she must site the dwellings on at least one acre per dwelling, and that her building permits were void. For the reasons that follow, we reverse.

1. Because Trubey's first three enumerations of error — that the trial court erred in finding that she created a subdivision, that she could place only one dwelling per lot, and that she needed an acre per dwelling — are interrelated and depend on the construction of the Putnam County zoning ordinance and subdivision regulations contained in the land use regulations, we will address them together. The construction of a zoning ordinance is a question of law, and the court's duty is to ascertain and effectuate the intent of the lawmaking body. *DeKalb County v. Post Apt. Homes*, 234 Ga. App. 409, 411 (1) (506 SE2d 899) (1998). In order to ascertain and effectuate the lawmaking body's intent, we look to all parts of the ordinance and construe them together, harmonizing wherever possible. *Hogan v. DeKalb County*, 196 Ga. App. 728, 729 (397 SE2d 16) (1990). Further, we must strictly construe the zoning ordinance in favor of the prop-

---

[1] The former city attorney testified that the land use regulations at issue here were superseded by new regulations.

erty owner, resolving ambiguities in the language in favor of the free use of property. *Bd. of Commrs. of Henry County v. Welch*, 253 Ga. 682, 683 (1) (324 SE2d 178) (1985).

Here, both parties agree that Trubey's property was zoned C-1, commercial district, that it covered 1.19 acres, and that a "stick-built" home existed on the property before the two manufactured homes at issue were placed there. So the question of law before us is whether the owner of commercially zoned property can place three dwellings on a 1.19-acre lot.

The Putnam County zoning ordinance defines the permitted uses of C-1 property, which include "[a]ll uses in R-1 and R-2 Districts." R-1 and R-2 uses include single family dwellings. Therefore, single family dwellings are permitted on commercially zoned property. While the trial court also determined that the code permits a single-family dwelling on commercially-zoned property, it then applied the lot size and other requirements of R-1 and R-2 zoning to conclude that Trubey was limited to one dwelling per lot, and that each lot had to be at least an acre in size. We agree with the trial court that the ordinance allows single family dwellings in C-1 property, but disagree that Trubey had to meet the stricter restrictions of R-1 and R-2 zoning as well.

The word "use" is not defined in the Putnam County zoning ordinance; however, the ordinance specifies that words shall be given their ordinary meanings. The definition of the noun "use" in this context is "the *purpose* for which something is used" (emphasis supplied),[2] and the relevant permitted R-1 use for C-1 property is "single family dwelling." The ordinance does not indicate that all the requirements set forth in R-1 and R-2 must be met before a use is allowed on a commercially zoned lot; it merely refers to permitted "uses." If the law-making body intended to have R-1 and R-2 restrictions apply to C-1 property, it could have said so in the ordinance. Therefore the restrictions set forth in the section defining C-1 are controlling, and those restrictions set forth in R-1 and R-2 regulations do not apply to C-1 property.

We next look at how C-1 restricts single family dwellings. If the ordinance does not allow Trubey to place multiple dwellings on her commercially zoned lot, our inquiry ends there. If the ordinance does allow multiple dwellings in C-1, we must then determine whether the ordinance allows three dwellings on a single lot of 1.19 acres.

The ordinance does not answer this question directly. The zoning code chapter of the Putnam County land use regulations defines "lot" as "land . . . occupied or capable of being occupied by one or more

---

[2] Oxford American Dictionary, Oxford University Press.

buildings." That chapter further defines "building" as "[a]ny structure intended for shelter, [and] housing. . . ." We find, therefore, that the zoning code allows multiple houses on a commercially-zoned lot.

Hall argues that Trubey is restricted to one dwelling per lot because the land use regulations define "lot" as "[t]he basic developmental unit . . . used or intended to be used by one building and its accessory buildings." We do not find this argument persuasive. The land use regulation to which Hall cites is contained in the subdivision chapter, not the zoning code. Construing the statute as a whole and in favor of the landowner, we find that the lawmaking body intended to apply the zoning code section to the commercially-zoned property. *Hogan*, supra, 196 Ga. App. at 729; *Bd. of Commrs.*, supra, 253 Ga. at 683.

Finally, after concluding that Trubey can place multiple dwellings on her commercially-zoned lot, we address whether her lot was large enough under Putnam County's land use regulations to accommodate three dwellings. A chart that outlines all the land requirements for all the zoning categories contains the only reference to size requirements for commercially zoned property. That chart specifies both the lot area, 15,000 square feet, and the lot size per dwelling, 15,000 square feet. This chart sets out the *minimum* requirements for both the total lot area and the required lot size per dwelling. Since Trubey's property totaled 1.19 acres, which the Putnam County Building Inspector testified was enough to site these three dwellings, we conclude that the lot was large enough under Putnam County's land use regulations to accommodate three dwellings.

Hall argues that under the special provisions chapter of the zoning regulations, Trubey's two manufactured homes are subject to "all standards and set back minimum lot sizes in R-1 Single Family Residential/Recreation District." Thus, she asserts, Trubey needed at least one acre per dwelling, the minimum lot size under R-1. However, as the former Putnam County Attorney testified, the chart outlining the required lot area and square feet per dwelling includes both R-1 and C-1 specifications. If the lawmaking body had intended for all dwellings placed on commercially zoned property to comply with the land requirements of single family residential property, the information regarding the C-1 requirements would be surplusage. Since meaning should be given to each part of the statute to avoid constructions that render a portion of the statute mere surplusage, we construe the land use regulations to require only 15,000 square feet per dwelling on a commercially zoned lot. *DeKalb County v. Post Apt. Homes*, supra, 234 Ga. App. at 412.

2. The remaining enumerations are rendered moot by our holding in Division 1.

*Judgment reversed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 5, 1999.

*Donald W. Huskins,* for appellant.

*Blasingame, Burch, Garrard, Bryant & Ashley, William S. Ashley, Jr.,* for appellee.