S99A0363. CITY OF DALTON et al. v. CARROLL.
(515 SE2d 144)

FLETCHER, Presiding Justice.

Victor Carroll's predecessor-in-title erected a metal carport in December 1997 within a designated historic district in the City of Dalton. In May 1998, the city received a complaint about the carport and notified Carroll ten days later that the carport was erected without the required building permit or certificate of appropriateness. When Carroll failed to remove the carport, the city filed a complaint seeking a declaratory judgment and an injunction, but the trial court denied both. Because the trial court abused its discretion in ruling that the equitable doctrine of laches barred the city's claim, we reverse.

Laches is principally a question of the inequity in allowing a claim to be enforced.[1] Among the factors to consider in determining whether laches applies are the length of the delay, the reasons for it, the resulting loss of evidence, and the prejudice suffered.[2]

The record shows that the City of Dalton did not delay in seeking to enforce its ordinances. Within ten days of receiving a complaint, the city notified Carroll that the metal carport violated city ordinances. Moreover, it was the failure of Carroll's predecessor-in-title to seek the required building permit that caused the delay between

---

[1] *Hall v. Trubey*, 269 Ga. 197 (498 SE2d 258) (1998).
[2] *Troup v. Loden*, 266 Ga. 650 (469 SE2d 664) (1996).

the illegal construction in December and the city's discovery of it in May. Thus, the city was not responsible for any prejudice that Carroll suffered due to the five-month delay in enforcement. Finally, Carroll made no effort to comply with the city ordinances after he was informed of the violations. The Historic Preservation Commission placed the carport on its agenda twice to consider whether to grant a certificate of appropriateness, but Carroll failed to attend either meeting. Under these circumstances, we conclude that it is not inequitable to permit the city to enforce its claim against Carroll.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 12, 1999.

*Mitchell & Mitchell, Gee G. Vaughn,* for appellants.
Victor R. Carroll, *pro se.*