S03A0065. PLYMAN et al. v. GLYNN COUNTY et al.
S03X0067. GLYNN COUNTY v. PLYMAN et al.
(578 SE2d 124)

THOMPSON, Justice.

On July 17, 2001, the Glynn County Commission resolved to implement a special sales and use tax ("SPLOST") in the County, subject to voter approval. On the same day, the County and the City of Brunswick agreed on a plan to distribute funds generated by the SPLOST. Thereafter, on September 12, the County and the Jekyll Island State Park Authority ("JISPA") entered into a contract to undertake various SPLOST projects. The SPLOST vote took place six days later, on September 18.

The voters approved the SPLOST and the election results were certified on September 19. The tax went into effect on January 1,

2002.[1] In the meantime, on November 1, 2001, plaintiffs filed suit to enjoin the collection of the SPLOST, asserting that it is unlawful for the County to expend SPLOST funds to improve facilities owned and operated by the City and JISPA.

Each side moved for summary judgment. On July 25, 2002, the trial court awarded judgment to defendants, ruling that plaintiffs' claim was barred by the doctrine of laches. Plaintiffs appeal in Case No. S03A0065; defendants cross-appeal in Case No. S03X0067. We affirm the judgment in the main appeal and dismiss the cross-appeal.

### Case No. S03A0065

Even though laches operates independently of any statute of limitation, " 'courts of equity usually act in obedience and in analogy to the statutes of [limitation], in cases where it would not be unjust and inequitable to do so.' " *Cooper v. Aycock*, 199 Ga. 658, 666 (1) (34 SE2d 895) (1945). Whether laches should apply depends on a consideration of the particular circumstances, including the length of the delay in the claimant's assertion of rights, the sufficiency of the excuse for the delay, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner. . . . These factors are relevant because laches is not merely a question of time, but principally a matter of inequity in permitting the claim to be enforced. *Hall v. Trubey*, 269 Ga. 197 (498 SE2d 258) (1998); *Troup v. Loden*, 266 Ga. 650, 651 (1) (469 SE2d 664) (1996); *Yablon v. Metropolitan Life Ins. Co.*, 200 Ga. 693, 708 (2) (38 SE2d 534) (1946). But lapse of time is an important element and in itself may be telling on the question of inequity. *Cooper v. Aycock*, supra at 666 (1).

*Swanson v. Swanson*, 269 Ga. 674, 676-677 (501 SE2d 491) (1998). See also *City of Dalton v. Carroll*, 271 Ga. 1 (515 SE2d 144) (1999) (laches depends on the length of, and reason for, the delay, the resulting loss of evidence and prejudice).

In this equity case, plaintiffs seek to enjoin the collection of a tax which was duly approved in an election. Under these circumstances, although plaintiffs do not contest the validity of the election, the statute of limitation for election contests is analogous and can be looked to for guidance. *Swanson*, supra. See also *McDonald v. Sims*, 3 Ga. 383, 395 (1847) (courts of equity are to adopt limitations statutes for

---

[1] The collection of the tax has not been enjoined by way of preliminary or permanent injunction; nor has it been stayed pending the outcome of this appeal.

an equitable bar of analogous claims).

Our legislature put a very short fuse on election contest cases. OCGA § 21-2-524 requires cases contesting election results to be brought within five days of certification of the returns. This short time period reflects the legislature's strong desire to avoid election uncertainty and the confusion and prejudice which can come in its wake. Certainly, the swift resolution of election contests is vital for the smooth operation of government.

Here the delay was 42 days. This is significant because the tax went into effect only 100 days after the SPLOST was certified. In the meantime, the Department of Revenue had to make preparations to collect the tax and remit the proceeds. Thus, by the time plaintiffs brought suit, the revenue department had already expended a considerable amount of resources to prepare for the SPLOST.

The trial court saw no justification for plaintiffs' delay; and we cannot find one. Given the delay and the resulting prejudice,[2] we are compelled to agree with the trial court that plaintiffs' claim is barred by the doctrine of laches.

### Case No. S03X0067

In view of our ruling in the main appeal, the issues raised in the cross-appeal are moot.

*Judgment affirmed in Case No. S03A0065; appeal dismissed in Case No. S03X0067. All the Justices concur.*

DECIDED MARCH 10, 2003 —
RECONSIDERATION DENIED MARCH 28, 2003.

*Eugene Highsmith,* for appellants.
*W. Gary Moore, Monroe L. Frey III, Gilbert C. McLemore, Jr., Thurbert E. Baker, Attorney General, Alison P. Spencer, Stefan E. Ritter, Assistant Attorneys General,* for appellees.

---

[2] The prejudice to defendants has only increased now that the SPLOST has gone into effect. If the tax were to be declared improper, thousands of refund claims would flood the revenue department.