S03A1316. CAGLE v. CAGLE.
(586 SE2d 665)

THOMPSON, Justice.

Charlee Cagle (Charlee), as administratrix of the estate of her father Charles I. Cagle (Charles), brought an action to impose a constructive trust on certain real property titled in the name of the defendant, Thomas Eugene Cagle (Gene). The trial court granted summary judgment to the defendant on the basis that the claim was barred by the equitable doctrine of laches. We affirm.

In 1965 and 1977 respectively, Gene became the sole title holder to a farm and a second parcel of real property in Habersham County. Gene lived on the farm for a brief period sometime prior to his marriage in 1968, and then allowed Charles, his brother, to use the farm as his residence. Charles lived there intermittently until his death in 1999.

From the date of purchase to the present, Gene paid the property

taxes during all but two years. Over the years, Gene made improvements to the property and retained rental proceeds from various tenants on the property, reporting the rental income on his tax returns. Gene also established that he was the sole recipient of monetary compensation for government takings on the properties; that he sold four small parcels of the property and reported the income as capital gains; and that he pledged the properties as collateral for two loans.

Charlee brought the present complaint in 2002. According to the allegations, it was the intention of both brothers that title to the properties would be placed in Gene's name, but that Charles would hold beneficial interest, use, and ownership. On that basis, she sought to have the court impose a constructive trust in favor of Charles' estate. Gene answered the complaint, denying the allegations, and asserting, inter alia, a defense of laches. He was subsequently awarded summary judgment on that ground.

1. Charlee asserts that the delay in bringing her claim does not give rise to laches. "A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." OCGA § 53-12-93 (a). However, one claiming the benefit of such a trust may waive that right "by subsequent ratification or long acquiescence." OCGA § 53-12-93 (b). In addition, "courts of equity may interpose an equitable bar whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." OCGA § 9-3-3. See also *Stone v. Williams*, 265 Ga. 480 (458 SE2d 343) (1995).

> Whether laches should apply depends on a consideration of the particular circumstances, including the length of the delay in the claimant's assertion of rights, the sufficiency of the excuse for the delay, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner, and whether the claimant or the adverse party possessed the property during the delay. These factors are relevant because laches is not merely a question of time, but principally a matter of inequity in permitting the claim to be enforced.

*Swanson v. Swanson*, 269 Ga. 674, 676 (2) (501 SE2d 491) (1998). The present complaint was brought in April 2002, thirty-six years after the conveyance of the farm property, and three years after Charles' death. In *Stone v. Williams*, supra, under very similar circumstances, we upheld the grant of summary judgment on the

basis that laches barred a claim for a resulting trust where the claimant waited 35 years to assert her claim, and the defending party was prejudiced due to the death of essential witnesses in that period. Likewise, in the case now before the Court, there was an inordinate delay in bringing suit during which key evidence has been lost. It follows that the claim was barred by laches, and that summary judgment was properly granted on that ground. See *Stone*, supra; *Swanson*, supra; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. Based on the foregoing, it is unnecessary for us to address the merits of the claim.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003 —
RECONSIDERATION DENIED OCTOBER 17, 2003.

*Sanders & Smith, Russell W. Smith, Joshua D. Huckaby*, for appellant.

*Kimzey, Kimzey & York, M. Keith York, McClure, Ramsay, Dickerson & Escoe, Allan R. Ramsay*, for appellee.