S06F1408. HOWINGTON v. HOWINGTON.

(637 SE2d 389)

HUNSTEIN, Presiding Justice.

Josie Howington appeals from the trial court's order setting aside a divorce decree and directing her to reimburse her former spouse, Douglas Howington, for certain pension benefits she received. Finding no error, we affirm.

Josie (Wife) and Douglas (Husband) Howington were married in 1989. They separated six years later, and in May 1997 Wife filed an action for divorce in DeKalb County, the county in which she lived. Wife served the complaint for divorce on Husband's son, who lived in Fulton County, although at the time the action was filed Husband was living in North Carolina. Husband did not answer the complaint and he did not appear at a scheduled November 1997 hearing, at the conclusion of which the trial court issued a final judgment and decree of divorce. In addition to granting a divorce, the court awarded Wife one-half of Husband's civil service pension for life. An amended qualified domestic relations order (QDRO) was issued on February 17, 1998 in accordance with Part 838 of Title 5 of the Code of Federal Regulations.

Husband filed a motion to set aside the divorce decree in June 2004, claiming he was not properly served. In her response, Wife argued that the motion was barred by laches because Husband knew

Wife filed the complaint for divorce, he received a copy of the complaint, and he discussed the terms of the divorce with her. The trial court granted the motion to set aside on December 15, 2004, finding that Husband was not formally served with the complaint and that he did not waive service of process. An amended order setting aside the final decree was entered in October 2005 to further "set aside any subsequent Order which purports to distribute any assets between the parties including the Amended [QDRO] dated February 17, 1998."

Despite entry of the orders setting aside the final decree and QDRO, Wife continued to receive one-half of Husband's pension benefits. Following a second divorce proceeding, where both parties were represented by counsel and presented evidence, the trial court entered a new divorce decree ordering Wife, inter alia, to reimburse Husband in an amount equal to the pension benefits she received after the December 15, 2004 order setting aside the first decree. We granted Wife's application for discretionary appeal pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. Wife contends Husband was barred by laches from asserting his claim to set aside the original divorce decree. We agree that laches can be a defense to an action attacking the validity of a divorce decree. See *Watson v. Watson*, 235 Ga. 136, 138 (218 SE2d 863) (1975) (equitable attack on void judgment "may be defended against with equitable defenses"). See generally Vacating or Setting Aside Divorce Decree After Remarriage of Party, 17 ALR4th 1153 (1982). Whether laches should apply in a particular case depends on a consideration of the circumstances of each case, including such factors as the length of the delay, the sufficiency of the excuse for the delay, the resulting loss of evidence, and the prejudice suffered. *Hall v. Trubey,* 269 Ga. 197 (1) (498 SE2d 258) (1998); *City of Dalton v. Carroll*, 271 Ga. 1 (515 SE2d 144) (1999). To prevail on a claim of laches, however, a party must prove some harm or prejudice caused by the delay. See *Stone v. Williams*, 265 Ga. 480 (458 SE2d 343) (1995) (party pleading laches must prove harm caused by delay); *Hall*, supra, 269 Ga. at 199 (1) (delay must result in prejudice to adverse party).

The trial court in this case made no specific findings regarding the defense of laches. However, even assuming all of the facts alleged by Wife are true, there is no allegation or evidence in the record demonstrating that she was harmed by the delay. In the absence of such evidence, we must conclude that the trial court correctly rejected her defense of laches. See generally *Carroll*, supra, 271 Ga. 1; *Hall*,

supra, 269 Ga. at 199 (1). See also 24 AmJur2d, Divorce and Separation, § 448 (1966) ("The mere lapse of time does not constitute laches. It must appear that the delay has caused injury or prejudice to the other party.").

2. Contrary to Wife's assertion, the trial court did not err by granting relief beyond that sought in Husband's pleadings. Although Husband did not include in his counterclaim a prayer for reimbursement of pension benefits paid after the trial court's December 15, 2004 order, the transcript of the final hearing reveals that Wife permitted the issue to be litigated without objection. See OCGA § 9-11-15 (b) (amendments to conform to evidence). "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." OCGA § 9-11-15 (b). See *Conner v. Conner*, 269 Ga. 112 (1) (499 SE2d 54) (1998); *Griffin-Spalding County Hosp. Auth. v. Radio Station WKEU*, 240 Ga. 444 (2) (241 SE2d 196) (1978). Thus, Husband's claim for reimbursement of pension benefits was litigated with the implied consent of the parties and was not foreclosed because of its absence from the pleadings.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 2006.

*Alan B. Gordon, Daniel F. Byrne*, for appellant.
*Divida Gude*, for appellee.