65269. LEWIS et al. v. STATE OF NEW JERSEY DEPARTMENT OF HIGHER EDUCATION.

POPE, Judge.

Plaintiff State of New Jersey Department of Higher Education brought this action against defendants Robert L. Lewis and Mary E. Lewis seeking to recover the unpaid principal, accrued interest and attorney fees on three promissory notes executed for the purpose of obtaining a student loan for Robert Lewis. The notes were executed on November 10, 1971, September 12, 1972 and November 13, 1974. On the basis of certain requests for admissions and affidavits, the trial court granted summary judgment in favor of the plaintiff. Defendants argue on appeal that summary judgment should have been entered in their favor because this action was filed after the period allowed by the statute of limitation.

The subject student loans were borrowed from the First National State Bank of New Jersey and guaranteed by the New Jersey Higher Education Assistance Authority (NJHEAA), part of the Department of Higher Education. The notes did not become due and payable until "[t]he last day of the ninth calendar month following the month in which [the borrower] cease[d] to be enrolled full time at an eligible institution." The notes also provided that default could occur "at the option of the holder" in the event inter alia of the borrower's insolvency. Robert Lewis graduated from Seton Hall University School of Law in June of 1975. Therefore, the notes became due and payable on March 31, 1976. On May 18, 1976 the NJHEAA paid the balance due on the notes to the bank. This action was filed on December 18, 1981.

All parties agree that the pertinent statute of limitation is the six-year provision of Code Ann. § 3-705 (now OCGA § 9-3-24). See

also *Harrison v. C. & S. Nat. Bank,* 185 Ga. 556 (1) (195 SE 750) (1938). Defendants first argue that they were insolvent during the last three months of 1975 and during all of 1976, and that this information was related to the NJHEAA. Thus, they contend, the statute of limitation began to run "in the last three months of 1975." Assuming that defendants were indeed insolvent, there is no evidence of record showing that either the bank or the NJHEAA exercised the option to declare the notes in default for this reason. Therefore, this argument has no merit.

Defendants' second argument is that the statute of limitation began to run at the time Robert Lewis ceased to be enrolled at Seton Hall, i.e., June of 1975. This contention is also without merit. In the first place, defendants admit that Robert Lewis indeed graduated in June of 1975. Under the terms of the subject notes, defendants' obligation to pay did not arise until nine months thereafter, on March 31, 1976. This being the case, plaintiff's action was filed within six years of the time the notes became due and payable. Secondly, the six-year statute of limitation did not begin to run against plaintiff, as guarantor, until the time it paid the debt, in this case May 18, 1976. See *Reid v. Flippen,* 47 Ga. 273 (1) (1872).

In a case virtually identical to the case at bar the Supreme Court of New York, Appellate Division, held: "Defendant's prime contention is that the plaintiff's action is barred by the statute of limitations. This defense is premised on the erroneous assumption that plaintiff's cause of action accrued on the maturity of the promissory note to the Dime Savings Bank. Plaintiff is not suing on the note itself, but rather, on its payment of the note pursuant to the guarantee requested by defendant. This cause of action for reimbursement accrued upon payment by the guarantor, NYHEAC [State of New York Higher Education Services Corporation], to Dime Savings Bank on May 4, 1973 and the six-year statute of limitations consequently did not expire until May 4, 1979." N. Y. Higher Education Svcs. Corp. v. Robbins, 76 A.D.2d 951 (429 NYS2d 52) (1980). Accord, United States v. Wilson, 478 F Supp. 488 (4) (M. D. Pa. 1979). We find the New York court's reasoning to be sound and in accord with the above-cited Georgia authority.

The facts in this case demanded a judgment in favor of plaintiff. Since defendants' statute of limitation defense was not meritorious, the trial court properly entered summary judgment in favor of plaintiff.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 1, 1983.

Robert L. Lewis, Mary E. Lewis, *pro se.*
*Clinton A. Harkins,* for appellee.