A90A1088. WOOD et al. v. TURNER.

(397 SE2d 161)

BIRDSONG, Judge.

Charles M. Turner sued Paul Wood and Wood Construction Company to recover losses incurred as a result of Wood Construction's failure to comply with contractual obligations to construct a sewer line on property owned by Turner in Lilburn.

The parties entered the contract August 22, 1988. The work was to be completed in about three weeks, or no later than September 7, 1988. By March of the following year, the sewer line had not been completed; the county had found violations of the Gwinnett sewer use ordinances and would not issue a certificate of occupancy. Plaintiff wrote Wood three or four letters in March 1989, but Wood never completed the sewer. In August 1989, Turner hired another to reconstruct a sewer; that second company obtained a certificate of occupancy.

The case was tried without a jury. The trial court, in awarding Turner $17,288.88, made findings that the company had failed to construct a sewer line in accordance with the contract specifications and specific Gwinnett County guidelines and regulations, and that the company never did complete the contract, so that the plaintiff was entitled to recover expenses of having another contractor construct a suitable sewer line, and was entitled to certain attorney fees for specific bad faith and stubborn litigiousness. Wood et al. appeal, enumer-

ating four errors. *Held*:

1. In three enumerations, Wood complains of the testimony of Glenn Pontsler, who was a development inspector with Gwinnett County. Pontsler, whose job involves the inspection of water and sewer lines of development property, testified he frequently inspected this job site and observed certain violations of Gwinnett County ordinances relating to sewer construction. He also testified that because of these violations he never issued a certificate of occupancy to Wood and that in his opinion, Wood's work on this sewer line was not done in a suitable and workmanlike manner.

Appellants contend Pontsler was never qualified as an expert and thus his testimony should not have been allowed; that Pontsler was erroneously allowed to testify upon and enter business records without a proper foundation because the custodian of the records was not identified; and that the trial court erred in allowing him to testify Wood's work was not suitable and workmanlike because such testimony was "outside his actual knowledge."

None of these complaints has merit. Pontsler on direct examination gave extensive evidence for the plaintiff's express purpose of qualifying him as an expert "so as to be qualified to give his opinion about the quality of this installation." He testified as to his past professional experience and duties, and that he had inspected "hundreds" of sewer lines under construction. Whether a witness is properly qualified as an expert is a matter addressed to the sound discretion of the trial court, and we find no abuse of that discretion in this case. Moreover, although appellants refused to stipulate that Pontsler is an expert, they did withdraw their objections generally. It is not necessary that the trial court sitting alone specifically announce that the witness is an expert, for that issue is one of fact according to the weight of the evidence. See *Moses v. State*, 245 Ga. 180 (263 SE2d 916); *McCoy v. State*, 237 Ga. 118 (227 SE2d 18); *Smith v. Godfrey*, 155 Ga. App. 113 (270 SE2d 322).

The point of qualifying a witness as an expert relates directly to the scope of the witness' testimony. OCGA § 24-9-67; see *Southern R. Co. v. Cabe*, 109 Ga. App. 432 (136 SE2d 438); see also *Moore v. State*, 221 Ga. 636 (146 SE2d 895). This witness did not give testimony outside his actual knowledge, but personally observed the construction of the sewer and was qualified to testify that he found violations of the county ordinance and was authorized to deny a certificate of occupancy. It was not error to let him state that Wood's work was not suitable and workmanlike; his opinion was based upon the fact that he observed specific violations of the county ordinance and determined the work did not merit a certificate of occupancy. This was an admissible opinion of fact even though it also amounted to an ultimate issue for the fact finder. *Security Life Ins. Co. v. Blitch*, 155 Ga.

App. 167 (270 SE2d 349).

The trial court did not err in allowing Pontsler to testify from county records on asserted grounds that they were business records for which the custodian was not proved. OCGA § 24-3-14 does not require that the custodian be proved; this is an issue that might affect the weight of the evidence, but not its admissibility. See OCGA § 24-3-14 (c). See *Bynum v. Standard &c. Co.*, 157 Ga. App. 819 (278 SE2d 669). It was established these were records kept in the regular course of the business of inspecting sewer line construction for the county by Pontsler and by other county employees known to him, and that the records were made at or reasonably near the time of the transaction or inspection. OCGA § 24-3-14 (b).

2. The trial court did not err in failing to make written findings of fact in this case. OCGA § 9-11-52 (a) does not require findings unless a party makes a request for specific findings prior to the ruling. We find no such request in this case. In any event, the trial court's findings as stated from the bench were full and sufficient to support the verdict, and appellant cites no basis upon which to conclude they were insufficient or caused him harm. See *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (386 SE2d 709).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 5, 1990.

*Macklyn A. Smith*, for appellants.
*Thomas T. Tate*, for appellee.