## A94A1840. COTTON STATES MUTUAL INSURANCE COMPANY v. WOODRUFF.
### (451 SE2d 106)

ANDREWS, Judge.

Robert Woodruff obtained auto insurance from Cotton States Mutual Insurance Company ("Cotton States") in 1991 for his three vehicles. In 1992 he deleted his Toyota pickup truck from the policy. In 1993, however, Woodruff drove the Toyota to Florida where it was involved in an accident with a bicyclist on May 6 at 12:20 a.m. Upon returning home, Woodruff called Cotton States and asked that the Toyota be added back to the insurance policy. Because he did not expect to obtain coverage for the accident earlier in the day, Woodruff did not then report the accident to Cotton States. As a matter of practice, Cotton States bound coverage and issued its amended declarations as "effective 12:01 a.m. on May 6, 1993," the date of issue. Woodruff paid and Cotton States accepted the appropriate premium.

Woodruff subsequently reported the May 6 accident in order to seek Cotton States' advice in handling the bicyclist's claim. Cotton States filed a petition seeking an equitable reformation of Woodruff's insurance policy on grounds of mutual mistake. The trial court denied Cotton States' motion for summary judgment. Following the Supreme Court's transfer of the case to this court, we granted the insurer's application for interlocutory review of the trial court's order.

1. Cotton States challenges the trial court's denial of its motion for summary judgment, contending first that the automobile insurance policy as written reflects the parties' mutual mistake in the effective time of coverage since neither party intended the prior accident at 12:20 a.m. on May 6, 1993, would be covered under the policy.

"Reformation as applied to a contract is a remedy cognizable in equity for the purpose of correcting an instrument so as to make it express the true intention of the parties, where from some cause, such as fraud, accident, or mistake, it does not express such intention. The remedy is not available for the purpose of making a new and different contract for the parties, but is confined to establishment of the actual

agreement. Code, §§ 37-202, 37-207, 37-208, 37-215. [OCGA §§ 23-2-21, 23-2-31, 23-2-30, 23-2-25.]" *Deck v. Shields*, 195 Ga. 697, 701-702 (25 SE2d 514) (1943). "A mistake relievable in equity is some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence." OCGA § 23-2-21 (a). Where reformation is sought on the ground of mutual mistake, it must, of course, be proved to be the mistake of both parties. *Layfield v. Sanford*, 247 Ga. 92, 93 (274 SE2d 450) (1981).

There was no mutual mistake here. The record, viewed on motion for summary judgment in a light most favorable to the non-moving party, shows that Woodruff "didn't know if [he] could assume coverage or not, being that [the Toyota pickup] wasn't specifically listed [on the policy]." Despite Cotton States' claim that it did not intend to provide coverage for the accident that had occurred prior to Woodruff's request for coverage on the Toyota, the insurer's standard practice of ante-dating its policies for 12:01 a.m. on the date of issue inherently risks such a result especially where, as here, the insurer negligently fails to inquire whether there is any reason not to follow standard practice.

2. Cotton States also argues that even if the mistake were unilateral, Woodruff's inequitable conduct in failing to disclose his prior accident on May 6 entitles the insurer to reform the contract.

"[E]quity will reform a written instrument for the unilateral mistake of one party accompanied by fraud or inequitable conduct on behalf of the other party." *Layfield*, supra. "As a general rule, '(i)f a party, by reasonable diligence, could have had knowledge of the truth, equity should not grant relief. . . .' OCGA § 23-2-29. However, this provision has a statutory exception promulgated in OCGA § 23-2-32 (b). *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 403 (349 SE2d 368). OCGA § 23-2-32 (b) provides '(r)elief may be granted even in cases of negligence by the complainant if it appears that the other party has not been prejudiced thereby.' [Cit.]" *Brannen v. Gulf Life Ins. Co.*, 201 Ga. App. 241, 244 (410 SE2d 763) (1991). Cotton States argues reformation is demanded because it would not have effected coverage at 12:01 a.m. on May 6 if it had known about Woodruff's 12:20 a.m. accident. The insurer contends Woodruff inequitably withheld this information when he requested coverage for the Toyota pickup under his policy.

When he called his Cotton States agent on May 6, Woodruff thought it "was not only unlikely but not reasonable" to obtain insurance coverage for the accident earlier that day, but he "thought [he'd] go ahead and get [the Toyota pickup] on the policy." He did not mention the accident when he requested coverage on the Toyota because he "was having doubts" concerning what he should do and "was still shook up about [the accident and the bicyclist's condition]."

Under these circumstances, the trial court should have granted summary judgment to Cotton States on its petition for reformation. It is possible that Cotton States, upon inquiry, may have known the truth that Woodruff's Toyota pickup had been involved in an accident earlier on May 6, and thus, the insurer could have effected coverage after the accident. However, it is also clear that Woodruff "rather than being prejudiced by the negligence of [Cotton States] stands, in fact, to obtain a windfall [insurance coverage] not bargained for absent the equitable remedy of reformation." *Brannen*, supra at 244. Woodruff knew the Toyota was not covered under his insurance policy when he drove it to Florida. Moreover, he spent three days in Florida without effecting coverage on the vehicle he was driving. Because the evidence demands reformation, summary judgment for Cotton States is appropriate.

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 22, 1994 —
RECONSIDERATION DENIED DECEMBER 6, 1994 —

*Young, Clyatt, Thagard & Hoffman, F. Thomas Young, Sherry S. Harrell, Russell C. Wallace,* for appellant.

*Dillard, Bower & East, Terry A. Dillard, Robert W. Lamb,* for appellee.