A99A1378. LEE et al. v. AMERICAN CENTRAL INSURANCE COMPANY et al.
A99A1379. KAPLAN-WALKER INSURANCE SERVICES, INC. et al. v. AMERICAN CENTRAL INSURANCE COMPANY.
(530 SE2d 727)

MILLER, Judge.

Dr. Kuo Lee and K. Lee Enterprises, Inc. sued American Central Insurance Company, Kaplan-Walker Insurance Services, Inc., and Kaplan-Truesdel Insurance Agency, Inc. to recover policy proceeds and damages, after a fire destroyed property owned by Lee and managed by K. Lee Enterprises. When American and Kaplan moved for summary judgment, the trial court granted American's motion and denied Kaplan's, which ruling Lee and K. Lee Enterprises appeal and Kaplan cross-appeals.

Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[1] Applying the de novo standard of review to an appeal from a grant of summary judgment, we must view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmoving party.[2]

Viewed in this light, the record reveals that Lee, as an individual, owned title to the premises located at 4500 Forsyth Road, Macon. Lee was also the president and majority shareholder of K.

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Lee Enterprises. Lee testified that "K. Lee Enterprises" referred to his corporation. On February 1, 1993, K. Lee Enterprises as landlord leased the property to Andy and Tony Tham, the principal officers of Fortune Garden, Inc., for use as a Chinese restaurant. Lee executed the lease on behalf of K. Lee Enterprises.

The lease required that the Thams maintain insurance on the building and provide K. Lee Enterprises with a copy of the insurance policy. Mrs. Tham obtained an insurance policy which listed Fortune Garden as the named insured and K. Lee Enterprises as the mortgagee under the additional interests section of the policy from Kaplan-Truesdel Insurance Agency, Inc. (now Kaplan-Walker Insurance Services, Inc.). After Lee and the Thams received copies of the policy, the parties changed the policy to add Citizens Bank as a mortgagee.

On October 31, 1993, the building was totally destroyed by fire. Following an investigation, American determined that the principals of Fortune Garden intentionally set the fire and denied the Thams' claim for coverage under the policy. American denied Lee's individual claim because he was not listed as an additional insured, or in any other fashion on the policy. American also denied the claim of K. Lee Enterprises because it did not have an insurable interest in the property.

### Case No. A99A1378

On appeal, Lee and K. Lee Enterprises enumerate as error (1) the court's ruling that American was not negligent regarding the incorrect policy designations, (2) the court's ruling that Lee and K. Lee Enterprises were not entitled to coverage as third-party beneficiaries of the insurance policy, (3) the court's ruling that reformation of the insurance policy was not an appropriate remedy, and (4) the court's ruling that the "ATIMA" (as their interests may appear) language of the policy did not affect their interests under the policy.

1. The trial court found that K. Lee Enterprises did not have an insurable interest in the property. Because no party has appealed this determination, the trial court's decision on this matter stands.[3] We affirm summary judgment to American with respect to K. Lee Enterprises.[4]

2. Lee argues that American negligently failed to investigate the policy designations and failed to determine the true owner of the property. We disagree. An insurance company that has had no business dealings with a third party to the insurance policy owes no duty

---

[3] See *Black v. Hardin*, 255 Ga. 239, 240 (3) (336 SE2d 754) (1985).
[4] See OCGA § 33-24-4 (b).

to that party to investigate the accuracy of the policy's designations.[5] Here, the evidence shows that Mrs. Tham procured the insurance policy from Kaplan on behalf of Fortune and K. Lee Enterprises. The underwriter communicated with the insurance agent, and the policy was issued in the format the parties requested. The underwriter was not informed that Lee owned the property as an individual, or that K. Lee Enterprises did not have a mortgagee interest. Lee was not listed on the policy and did not conduct business with American as related to the policy. Moreover, an insured has a duty to read and examine an insurance policy to determine whether the coverage requested was procured.[6] Thus, American did not have a legal duty to Lee, as an individual, under the contract.

3. Lee also argues that American should provide coverage under the contract as he was a third-party beneficiary to the insurance policy. In order for a third party to have standing to enforce a contract, it must clearly appear from the contract that it was intended for his benefit.[7] " 'The mere fact that he would benefit from performance of the agreement is not alone sufficient.' "[8] Lee lacks standing to enforce the subject policy as a third-party beneficiary. The insurance policy covers the interests of K. Lee Enterprises, not the interests of Lee. No evidence shows that the insurance contract was made for his individual benefit, and this precludes his action against American to enforce the contract.[9]

4. Lee argues that the trial court erred in refusing to reform the insurance policy between Fortune and K. Lee Enterprises. Lee claims that he is entitled to have the contract reformed based on mutual mistake. We disagree. Reformation of a contract is an equitable remedy for correcting an instrument to make it express the true intention of the parties, where from some cause, such as fraud, accident, or mistake, it does not express such intention.[10] "The remedy is not available for the purpose of making a new and different contract for the parties, but is confined to establishment of the actual agreement."[11] Where reformation is sought on the ground of mutual mistake, it must, of course, be proved to be the mistake of both parties.[12]

---

[5] *Creative Underwriters v. Heilman*, 141 Ga. App. 740, 741 (234 SE2d 371) (1977).

[6] *Jim Anderson & Co. v. Partraining Corp.*, 216 Ga. App. 344, 345 (2) (454 SE2d 210) (1995).

[7] *Jahannes v. Mitchell*, 220 Ga. App. 102, 104 (1) (469 SE2d 255) (1996); see *Backus v. Chilivis*, 236 Ga. 500, 502 (224 SE2d 370) (1976) (third-party beneficiaries cannot enforce contract unless it clearly appears from the contract that it was intended for their benefit).

[8] (Citations omitted.) *Miree v. United States*, 242 Ga. 126, 135 (3) (249 SE2d 573) (1978).

[9] Cf. OCGA § 9-2-20 (b); see *City of Atlanta v. Atlantic Realty Co.*, 205 Ga. App. 1, 6 (3) (421 SE2d 113) (1992).

[10] *Cotton States Mut. Ins. Co. v. Woodruff*, 215 Ga. App. 511 (1) (451 SE2d 106) (1994).

[11] (Citation and punctuation omitted.) Id. at 511-512.

[12] *Layfield v. Sanford*, 247 Ga. 92, 93 (274 SE2d 450) (1981).

Here, the record affirmatively demonstrates the absence of a mutual mistake by the contracting parties. It is undisputed that Mrs. Tham told the insurance agent to insure the property in the name of the landlord and corporate entity K. Lee Enterprises. Although the lease listed Lee as the owner, the landlord was K. Lee Enterprises. Moreover, Mrs. Tham testified that after she read the policy, she did not think it was necessary to make changes to the policy. Thus, Lee fails to demonstrate the existence of a mutual mistake by the contracting parties, and the argument fails.

5. Lee's final argument that he is entitled to coverage under the ATIMA language in the mortgagee clause is without merit. *Ins. Co. of North America v. Gulf Oil Corp.*[13] held that the phrase "as their interest may appear" in a mortgagee clause refers to the mortgagee interest in the indebtedness secured by the property and not the type of interest the mortgagee had in the property. Here the ATIMA language was added to the policy when Citizens Bank was added as a mortgagee. This adds credence to the fact that the language refers to the indebtedness of the property and not the type of interest the mortgagee retains in the property.

The trial court did not err in granting summary judgment to American on Lee's individual claims to the policy.

## Case No. A99A1379

6. On appeal, Kaplan enumerates as error the trial court's denial of its motion for summary judgment. We hold that summary judgment should have been granted to Kaplan.

Some evidence showed that Kaplan received an instruction from a real estate agent to add Lee as an additional insured. Nevertheless, an insurance agent is not liable for failing to follow instructions where the mistake is readily apparent on the face of the policy and the insured receives a copy of the policy and does not, prior to the loss, ask that the policy be changed.[14] Here the policy clearly listed K. Lee Enterprises as a mortgagee and made no mention of Dr. Lee. This was readily apparent. The insured received a copy of this policy, read it, and saw no need to make any changes, following which the fire occurred. Accordingly, Kaplan cannot be liable for failing to follow instructions.

---

[13] 106 Ga. App. 382, 385 (127 SE2d 43) (1962).

[14] See, e.g., *Brooks Brown Ins. Agency v. Harden*, 236 Ga. App. 781, 783-784 (2) (513 SE2d 755) (1999) ("it was [the insured's] duty to read the policy and to notify the insurer if it was incorrect"); *England v. Ga.-Fla. Co.*, 198 Ga. App. 704 (1) (402 SE2d 783) (1991); *McCullohs Svc. Station v. Wilkes*, 183 Ga. App. 687, 690 (1) (359 SE2d 745) (1987). Compare *Wright Body Works v. Columbus Interstate Ins. Agency*, 233 Ga. 268, 270 (210 SE2d 801) (1974) (mistake not readily apparent).

The trial court erred in denying Kaplan's motion for summary judgment.

*Judgment affirmed in Case No. A99A1378. Judgment reversed in Case No. A99A1379. Pope, P. J., and Smith, J., concur.*

DECIDED DECEMBER 20, 1999.

*Smith & Harrington, Wilton D. Harrington, John P. Harrington, Robert S. Slocumb,* for Lee et al.

*Mozley, Finlayson & Loggins, Robert M. Finlayson II, Edward C. Bresee,* for American Central Insurance Company.

*Lokey & Smith, Charles M. Lokey, Malcolm Smith, Kevin A. Doyle,* for Kaplan-Walker Insurance Services, Inc. et al.