A07A0497. JENKINS v. SALLIE MAE, INC.
(649 SE2d 802)

JOHNSON, Presiding Judge.

Sallie Mae, Inc., sued Wadyce Jenkins for breach of contract, contending Jenkins defaulted on a student loan promissory note. After a bench trial, the court found that Jenkins failed to produce sufficient evidence that the debt had been repaid, and entered judgment against him for $20,275.66. Jenkins appeals, asserting that the trial court erred in not permitting the parties to make closing arguments, allowing testimony of a witness who lacked personal knowledge of the transactions, not permitting rescission of the note when he signed it due to a mistake of fact, not finding that the suit was barred by laches and the statute of limitation, and not finding that the note lacked consideration. We affirm the judgment of the trial court.

Appeals from bench trials, where the trial judge sits as the trier of fact and has the opportunity to assess the credibility of the witnesses, are reviewed under the clearly erroneous standard.[1] We will not disturb a trial court's findings if there is any evidence to support them.[2]

The evidence, viewed in the light most favorable to the verdict, shows that between 1984 and 1987, Jenkins executed six promissory notes in order to finance his law school education. In 1988, after graduating, Jenkins consolidated several of the student loans. Some of the loans were not included in the consolidation, and were to be paid separately, including a loan for $4,500 executed in 1986 and a loan for $5,000 executed in 1987. Jenkins made payments on the loans for years, paying off the consolidated loans in full in 1991. When he defaulted on the remaining loans, Sallie Mae, which had purchased the loans from the original lenders, began collection efforts against Jenkins.

In November 1998, Jenkins executed a "Fresh Start" promissory note. In the note, Jenkins promised to pay Sallie Mae the principal sum of $18,995, which specifically included amounts due under two

---

[1] *Ellis v. Stanford*, 256 Ga. App. 294, 297 (5) (568 SE2d 157) (2002).
[2] Id.

previously executed notes: the 1986 note for $4,500, and the 1987 note for $5,000, as well as accrued unpaid interest. When Jenkins failed to make payments as agreed under the Fresh Start loan, Sallie Mae filed the underlying action. Jenkins filed this appeal from the trial court's judgment in favor of Sallie Mae.

1. Jenkins contends the trial court erred in not allowing the parties to present closing arguments at trial. After the evidence was presented, the trial judge requested that closing statements be presented in writing in order to aid him in reviewing the documents and arguments more carefully. Jenkins did not object to the court's request or attempt to present his argument orally.

While the right to closing arguments exists in nonjury civil trials, that right may be precluded when the parties waive the opportunity.[3] The right may be waived expressly or by conduct.[4] Assuming, without deciding, that submitting a written closing argument is not equivalent to stating a closing argument orally, Jenkins' failure to request the opportunity to present a closing argument orally amounts to a waiver.[5]

2. Jenkins contends that the trial court erred in permitting Sallie Mae's witness to testify about loan records of which she had no personal knowledge. He argues that the witness, a litigation assistant at Sallie Mae who maintained the lender's records, had no knowledge of the business records of the student loan companies which were Sallie Mae's predecessors in interest, and was unfamiliar with the accounting practices and procedures of Sallie Mae. There was no error.

Business records made and kept in the ordinary course of business are admissible as an exception to the hearsay rule.[6] The witness in this case testified that she maintained the student loan files at Sallie Mae, that she was familiar with the records and the manner of record keeping at Sallie Mae, that the records were kept in the regular course of the business, and that the records were made at or near the time the documents were created or received by Sallie Mae. She also explained how the records of Sallie Mae's predecessors became the records of Sallie Mae.[7] The court did not abuse its discretion in allowing the testimony.[8]

3. Jenkins contends the trial court erred in failing to find that the November 1998 promissory note should be rescinded because he

---

[3] *Wilson v. Wilson*, 277 Ga. 801, 802 (1) (596 SE2d 392) (2004).

[4] Id. at 803 (1).

[5] Compare *Stewart v. Cardella*, 269 Ga. App. 32, 33-34 (2) (602 SE2d 915) (2004).

[6] OCGA § 24-3-14.

[7] See *NationsBank v. Tucker*, 231 Ga. App. 622, 625-626 (3) (500 SE2d 378) (1998).

[8] See *Wood v. Turner*, 196 Ga. App. 815, 817 (1) (397 SE2d 161) (1990).

made a material mistake of fact in signing the note. He urges that he only signed the note because he mistakenly thought that he still owed money on one of the two loans referenced therein (the $4,500 loan), but that he later learned it had been paid in full. He adds that the other loan referenced in the note (the $5,000 loan) was not valid because he never actually received the loan proceeds. Jenkins has not shown error by the record.

In some circumstances, equity will rescind a contract based upon a unilateral mistake,[9] but not where the party claiming mistake, by exercising reasonable diligence, could have discovered the truth.[10]

As to the $4,500 loan, Jenkins says it was paid in full through the overpayments on other loans. However, he does not point to any evidence in the record showing that that loan was paid in full by 1998, when he signed the Fresh Start note. The record contains several other notes stamped "PAID IN FULL," but the $4,500 note is not so stamped. There is evidence that by 2001, Jenkins had paid off some of the loans and was issued a refund for an overpayment in 2005, but it appears that that evidence refers to loans other than the $4,500 loan. And, the fact that the evidence is dated three years later than the Fresh Start note does not show that the $4,500 note had been paid off before 1998. Moreover, a November 2002 document showing $2,903 had been paid on the principal of the $4,500 note is evidence that he had not paid off the note by 1998.

Jenkins urges that the cancelled checks and receipts in the record show that he has paid more than $25,000 on the loans, and since he borrowed only $20,308 in principal, the $4,500 debt was clearly satisfied. That argument, however, does not take into account interest and fees on the notes. For instance, a truth-in-lending statement for the 1988 promissory note which included just three of the loans shows projected finance charges of $17,026 on an unpaid principal amount of $14,142. Furthermore, Jenkins claims that he overpaid on two $3,000 loans from 1984 and 1986, and made payments on a $3,000 loan from 1985 which he never actually received. He points to no expert testimony showing that he had or should have had a zero balance on the $4,500 note. That he may have made payments of $25,000 does not, in and of itself, prove that he paid off the $4,500 loan.

---

[9] See OCGA § 23-2-31; *First Baptist Church v. Barber Contracting Co.*, 189 Ga. App. 804, 806 (377 SE2d 717) (1989) (where a mistake of one party at the time a contract was made as to a basic assumption on which he made the contract has a material effect on the agreed exchange of performances that is adverse to him, the contract is voidable by him if he does not bear the risk of the mistake and (a) the effect of the mistake is such that enforcement of the contract would be unconscionable, or (b) the other party had reason to know of the mistake or his fault caused the mistake).

[10] See *Progressive Cas. Ins. Co. v. Evans*, 276 Ga. App. 594, 597 (623 SE2d 767) (2005).

We have reviewed Jenkins' cites to the record, and many parts of the record not referenced in his brief. However, it is not the function of this Court to cull the record on behalf of a party.[11] Jenkins having failed to cite us to any specific portion of the record containing facts establishing that the $4,500 note was paid in full, and we having found no such facts, his assertion as to this matter is without merit.[12]

In addition, Jenkins has failed to show a mistake regarding the $5,000 loan. He states that he signed the 1998 Fresh Start note agreeing to repay the $5,000 loan from 1987 even though he never received the proceeds of that loan. But the loan amount and date were clearly indicated on the 1998 note, and he signed the note anyway. He cannot reasonably claim mistake in signing the note in 1998 for a 1987 loan which he says was never disbursed, but which had been the subject of collection attempts for years and which was clearly listed on the new note.[13] Jenkins has failed to show any mistake which could not have been discovered with reasonable diligence.

4. Jenkins contends the trial court erred in rejecting his claim that laches bars this action. According to Jenkins, he was prejudiced by the fact that Sallie Mae's predecessors no longer exist and many of his school records were destroyed, with the result being that some of the records, including those showing what happened to the $5,000 alleged disbursement, cannot be located.

Whether laches should apply in a particular case depends on a consideration of the circumstances of each case, including such factors as the length of the delay, the sufficiency of the excuse for the delay, the resulting loss of evidence, and the prejudice suffered.[14] To prevail on a claim of laches, a party must prove some harm or prejudice caused by the delay.[15]

The trial court found that Sallie Mae had sent repeated demand notices to Jenkins regarding the loans, including the $5,000 loan, over a period of years. Sallie Mae's witness testified that there was nothing in the lender's records showing he disputed the validity of the loan. Jenkins points to no evidence showing that he disputed owing the money or that he had tried to collect evidence needed to dispute the claim earlier. In fact, Jenkins signed the Fresh Start loan documents in 1998 acknowledging that he owed the money. So, even if the delay in filing the suit was unreasonable, Jenkins has failed to

---

[11] See *Stanford v. Paul W. Heard & Co.*, 240 Ga. App. 869, 870 (1) (b) (525 SE2d 419) (1999).

[12] See *Dept. of Transp. v. Calfee Co.*, 202 Ga. App. 299, 304 (2) (414 SE2d 268) (1991).

[13] See generally *Progressive Cas. Ins. Co.*, supra.

[14] See *Howington v. Howington*, 281 Ga. 242, 243 (1) (637 SE2d 389) (2006).

[15] Id.

demonstrate that he was harmed by the delay. In the absence of such evidence, we must conclude that the trial court correctly rejected his defense of laches.[16]

5. Jenkins contends the trial court erred in failing to find that no consideration existed for the $5,000 note he signed in 1987, when there was no evidence that he actually received the proceeds.

Actually, the trial court stated that it was unpersuaded by Jenkins' argument that there was no consideration for the 1998 promissory note. Jenkins testified that he signed the promissory note to avoid being sued. As the trial court noted in its judgment, forbearance to prosecute a legal claim is sufficient consideration to support a contract.[17] If no consideration existed for the 1987 note, Jenkins should not have signed a note in 1998 acknowledging that he owed the money. This enumeration presents no basis for reversal.

6. Jenkins contends the action is barred by the statute of limitation. He does not support this enumeration with any meaningful argument or citation to authority. In his reply brief though, he states that the statute of limitation expired as to the 1987 note. This action, however, is brought on the note he executed in 1998. The new note renewed the right of action.[18] Inasmuch as the action was filed within the six-year statute of limitation applicable to promissory notes, the enumeration is without merit.[19]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JULY 11, 2007.

*Gary A. Bacon*, for appellant.
*Bridgers, Peters & Kleber, David A. Kleber*, for appellee.

---

[16] See id.

[17] See *Ga. Farm &c. Ins. Co. v. Alma Exchange Bank & Trust*, 195 Ga. App. 103, 104 (1) (392 SE2d 320) (1990).

[18] See *Loftin v. Brown*, 179 Ga. App. 337, 339 (2) (346 SE2d 114) (1986).

[19] See *Lewis v. State of New Jersey Dept. of Higher Ed.*, 165 Ga. App. 574 (302 SE2d 128) (1983); *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 749-750 (2) (559 SE2d 450) (2002).