## A10A0247. DECISION ONE MORTGAGE COMPANY, LLC v. VICTOR WARREN PROPERTIES, INC.
(696 SE2d 145)

PHIPPS, Presiding Judge.

Decision One Mortgage Company, LLC appeals the grant of summary judgment entered against it in favor of Victor Warren

---

Properties, Inc. For reasons that follow, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] We review de novo the grant of summary judgment, construing the evidence in a light most favorable to the nonmoving party.[2]

The pertinent facts are not in dispute. In January 2008, Decision One conducted a nonjudicial foreclosure sale on certain real property, and Warren Properties was the high bidder. Before leaving the place of sale, Warren Properties tendered to Decision One the purchase price; and Decision One acknowledged in a signed document entitled "Receipt" that Warren Properties had paid it that amount "to purchase the property located at the [specified] address," which it gave to Warren Properties. Several weeks later, however, Decision One sent the funds back to Warren Properties, notifying Warren Properties in an accompanying letter that it had "rescinded the . . . foreclosure sale." Warren Properties returned Decision One's check and, in an accompanying letter, demanded Decision One to deliver a deed for the property at issue. Decision One refused the demand.

Warren Properties filed the underlying suit alleging breach of contract. The complaint sought damages, or alternatively, an order of specific performance for Decision One to deliver a deed conveying the property. With respect to the latter, Warren Properties cited OCGA § 23-2-131, which pertinently provides that "[t]he specific performance of a parol contract as to land shall be decreed if the defendant admits the contract" and that "[f]ull payment alone accepted by the vendor . . . shall be sufficient . . . to justify a decree."

In its answer, Decision One admitted that Warren Properties had been the high bid purchaser at the foreclosure sale, that it had received from Warren Properties the high bid purchase amount, and that it had given Warren Properties a receipt in connection with their deal. Nevertheless, Decision One defended against the lawsuit on the ground that "the opening bid set forth by [it] was a mistake." Decision One thus implored the superior court to invoke its equitable power to grant it relief from the "purported foreclosure sale."

Pursuing specific performance on motion for summary judgment, Warren Properties argued that equity could not be so invoked under the circumstances presented. The superior court agreed and granted Warren Properties' motion, ordering Decision One to deliver to Warren Properties a deed conveying the property.

On appeal, Decision One contends that the superior court erred in refusing to invoke its equitable powers to relieve it of any duty to

---

[1] OCGA § 9-11-56 (c).

[2] *Latson v. Boaz*, 278 Ga. 113 (598 SE2d 485) (2004).

perform.[3] It maintains that the record shows it made a mistake in calculating the opening bid and that such mistake resulted in an inadequate sales price. To support its contention, Decision One cites an affidavit it submitted in opposition of Warren Properties' motion. The affiant stated that she was a "paralegal foreclosure processor" for the company that was "servicer of the non-judicial foreclosure process" for the law firm that represented Decision One in the underlying foreclosure sale. The affiant recounted that, prior to the foreclosure sale date, the servicer was informed by another entity "via a program called MortgageServ" of the total debt amount, and the servicer "was instructed to calculate the opening bid." The affiant stated that "due to a clerical error, I mistakenly calculated the opening bid at $27,750.00 when in fact the opening bid should have been $333,000.00." When the law firm "received the results of the sale showing [Warren Properties'] high bid of $54,000.00, it was immediately apparent that a mistake had been made."

In ruling against Decision One, the trial court determined that the mortgage company had failed to demonstrate any basis for relief under various statutes[4] and case law.[5] Having considered Decision One's arguments on appeal, together with the scant competent evidence of record, we find no error in the trial court's grant of summary judgment to Warren Properties.

As a general rule, equity does not operate to rescind a contract based upon a unilateral mistake "where the party claiming mistake, by exercising reasonable diligence, could have discovered the truth."[6]

---

[3] This appeal was originally filed in the Supreme Court of Georgia, but the Court transferred it to this court, explaining that (a) this case is not one concerning "title to land," Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (1); and that (b) "although [Warren Properties] sought and obtained equitable relief from the trial court, the grant of equitable relief was wholly dependent on the resolution of the underlying legal issue (i.e., the enforceability of the contract resulting from the foreclosure sale) and therefore, the request for equitable relief does not invoke [the Supreme] Court's jurisdiction over equity cases."

[4] For example, the superior court specifically found that Decision One had failed to adduce facts to support rescission on the grounds of: (i) mutual assent, as contemplated by OCGA § 13-5-7 ("A rescission of a contract by consent or a release by the other contracting party shall be a complete defense."); (ii) fraud, as contemplated by OCGA § 13-5-5 ("Fraud renders contracts voidable at the election of the injured party.") or OCGA § 13-4-60 (pertinently providing that "[a] contract may be rescinded at the instance of the party defrauded"); and (iii) nonperformance, as contemplated by OCGA § 13-4-62 (pertinently providing that "[a] party may rescind a contract without the consent of the opposite party on the ground of nonperformance by that party"). These statutory grounds are not pursued on appeal.

[5] Pertinently, the superior court determined that Decision One failed to show it was entitled to relief, as it had claimed, under *First Baptist Church of Moultrie v. Barber Contracting Co.*, 189 Ga. App. 804 (377 SE2d 717) (1989). This claim is pursued on appeal and is discussed infra.

[6] *Jenkins v. Sallie Mae, Inc.*, 286 Ga. App. 502, 504 (3) (649 SE2d 802) (2007) (footnote omitted); see also *Mobley v. Fulton Roofing Co.*, 173 Ga. App. 563, 565 (2) (327 SE2d 540)

As stated by OCGA § 23-2-29, "If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not grant relief; nor shall the ignorance of a fact known to the opposite party justify an interference if there has been no misplaced confidence, misrepresentation, or other fraudulent act." There is neither evidence nor assertion that misplaced confidence, misrepresentation, or other fraudulent act played any role in Decision One's calculation of the starting bid. And notably, nothing in the record explains how a starting bid amount typically was calculated; nothing in the record addresses how, or even whether, the underlying calculation was verified prior to the sale; and nothing in the record explains the nature of the "clerical error." What the record does make clear, however, is that the dollar amount of the high bid at the foreclosure sale alone made it "immediately apparent" that there had been a mistake. A reasonable inference arises therefore that, had reasonable diligence been employed *before* the foreclosure sale, the alleged unilateral mistake (miscalculation precipitating the later complained-of starting bid amount) would not have occurred.[7] Nothing in the record rebuts this inference. "If by negligence one voluntarily remains ignorant of a fact materially affecting his interest and subsequently loses a right or property, he should not expect a court of equity to do that for him which he refused to do for himself."[8]

Decision One cites OCGA § 23-2-32 (b), which provides that "[r]elief may be granted even in cases of negligence by the complainant if it appears that the other party has not been prejudiced thereby." However, Decision One has failed to show how Warren Properties would not be prejudiced if it were granted relief. The gist

---

(1985) (defendant, having reached an accord and satisfaction with plaintiff, could not, in the absence of fraud or undue influence, subsequently attack that agreement on the ground of unilateral mistake).

[7] See *Cox v. Smith*, 244 Ga. 280, 282-283 (1) (260 SE2d 310) (1979) (where evidence showed that contested note had been drafted at the direction of only one of the contracting parties, the purchaser, and therefore if it was a mistake, it was a "unilateral mistake," and where evidence showed that purchaser and purchaser's counsel could have with reasonable diligence discovered the alleged mistake, equitable relief was unavailable to purchaser).

[8] *Glenn v. Maddux*, 149 Ga. App. 158, 159 (1) (253 SE2d 835) (1979) (concluding that relief from contract, based upon appellant's theory of material unilateral mistake in executing it, was "not available to [appellant] in the absence of fraud or inequitable conduct on the part of appellees which [was] not alleged here, or other special circumstances, which [did] not appear"); see *Jenkins*, supra at 503-505 (3) (where maker of promissory note failed to show that the truth could not have been discovered with reasonable diligence, trial court did not err by refusing to rescind the promissory note on ground of his unilateral mistake); *Cox*, supra; *Berry v. Atlas Metals*, 152 Ga. App. 437, 439 (2) (263 SE2d 179) (1979) (citing general rule that a party may not defend on ground of mistake of fact where the mistake resulted from that party's own negligence and concluding that, in action on promissory note executed by defendant, the defendant's neglect in failing to keep a record and to inform himself of the status of the underlying account before executing promissory note was directly attributable to his own fault and consequently could not be asserted as a viable defense).

of Warren Properties' lawsuit is that Decision One breached the foreclosure sale contract. "It has long been the rule that the measure of damages for breach of a contract to sell land is the difference between the contract price and the fair market value of the land at the time of the breach."[9] Here, the record is void of any evidence (or even assertion) that there was no difference between the contract price of $54,000 and the fair market value of the real property. Given the record before us, we cannot agree with Decision One that OCGA § 23-2-32 (b) provides relief from the foreclosure sale contract.[10]

Decision One complains that the high bid was inadequate, but it fails to establish how that complaint allowed for it to avoid the foreclosure sale contract. OCGA § 23-2-2 provides, "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." Decision One does not cite any evidence authorizing a finding of any such disparity between it and Warren Properties.

Finally, relying on *First Baptist Church of Moultrie v. Barber Contracting Co.*,[11] Decision One claims that the grant of summary judgment was error. As Decision One correctly points out, in that case, a construction contractor was permitted to rescind a bid based on a unilateral miscalculation upon showing four prerequisites: (1) enforcement of the mistake would have been unconscionable; (2) the mistake related to the substance of the consideration; (3) the mistake occurred regardless of the exercise of ordinary care; and (4) the other party had not been prejudiced.[12] Also pertinent in that case, the contractor had given prompt notification of its mistake and intention to withdraw.[13]

---

[9] *Dunn v. Venture Bldg. Group*, 283 Ga. App. 500, 504 (2) (642 SE2d 156) (2007) (citations and punctuation omitted).

[10] See *Cox*, supra (where the appellant's failure to discover its alleged mistake concerning an interest provision in the underlying note could be found to be negligence, equitable relief was precluded because the appellee had been prejudiced by not receiving the interest expressly provided for by the contested provision). Compare *Fox v. Washburn*, 264 Ga. 617, 619 (2) (449 SE2d 513) (1994) (noting principle that equity will interfere to conform written contract to parties' intentions, and thus negligence of the complaining party would not defeat his right to reformation; therefore, "[i]f [plaintiffs] get what they bought, then they can not be hurt by reforming the instrument, so as to keep them from getting what they did not buy") (citation and punctuation omitted); *Cotton States Mut. Ins. Co. v. Woodruff*, 215 Ga. App. 511, 512-513 (2) (451 SE2d 106) (1994) (insurer's unilateral mistake did not bar equitable relief where insured requested vehicle coverage after accident occurred and insurer provided coverage without knowing of accident; the insured would not have been prejudiced by insurer's negligence, but would have obtained a windfall of insurance coverage not bargained for).

[11] Supra.

[12] Id. at 807.

[13] Id. at 807-808.

Decision One has made no effort, however, to establish that its mistake occurred despite the exercise of ordinary care; Decision One has also failed to show that Warren Properties would not be prejudiced. Having failed to satisfy prerequisites underlying the *First Baptist Church* decision, Decision One's reliance upon that case is misplaced.[14]

Given the foregoing, Decision One has failed to demonstrate any merit in its contention that the superior court erred in refusing to invoke its equitable power to relieve it from performing under the foreclosure sale contract.[15]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED JUNE 14, 2010.

*Johnson & Freedman, Kyle S. Kotake*, for appellant.
*Lefkoff, Duncan, Grimes, Miller & McSwain, John R. Grimes*, for appellee.

---

[14] See generally *Dept. of Transp. v. American Ins. Co.*, 268 Ga. 505, 509-510 (4) (491 SE2d 328) (1997) (because *First Baptist Church* involved bids taken for a private contract, *First Baptist Church* did not control outcome of case that concerned bids submitted for a public contract, given strict statutory regulation); *LPS Constr. Co. v. Ga. Dept. of Defense*, 228 Ga. App. 486, 489 (1) (491 SE2d 920) (1997) (finding *First Baptist Church* inapplicable because it involved miscalculation and therefore did not control outcome of case that concerned failure to read and abide by bid requirements).

[15] See *Dept. of Human Resources v. Allison*, 276 Ga. 175, 178 (575 SE2d 876) (2003) (the burden of proof generally lies upon the party who is asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential; furthermore, the burden is on the appellant to show error by the record).